## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA FOR THE
USE AND BENEFIT OF ANDREWS MARINE
SERVICE, INC.,
  Plaintiff

v.

UNITED SURETY & INDEMNITY
COMPANY,
  Defendant.

Civil No. 04-1135 (HL)

## OPINION AND ORDER

Before the Court is Defendant United Surety and Indemnity Company, Inc.'s (hereinafter "USIC") renewed motion for judgment as a matter of law, or alternatively, for a new trial or remittitur.[1] Plaintiff Andrews Marine Service, Inc. (hereinafter Andrews Marine) filed a response in opposition to said motion, and USIC filed a reply to this opposition.[2] After a review of the record and submissions of counsel, the Court denies USIC's motion.

## STANDARD OF REVIEW

The Court's review of a renewed motion for judgment as a matter of law is very limited. A motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure may be granted only when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *See Richards v. Relentless, Inc.*, 341 F.3d 35, 41 (1st Cir.2003); *Guilloty Perez v. Pierluisi*, 339 F.3d 43, 50 (1st Cir.2003). "A party

---

[1] Dkt. No. 89.

[2] Dkt. Nos. 90, 95.

seeking to overturn a jury verdict faces an uphill battle." *See Marcano Rivera v. Turabo Med. Ctr. P'ship*, 415 F.3d 162, 168 (1st Cir.2005). "Courts may only grant a judgment contravening a jury's determination when the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." *Id.* (quoting *Rivera Castillo v. Autokirey, Inc.,* 379 F.3d 4, 9 (1st Cir.2004)); *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 565 (1st Cir.2003); *Keisling v. SER-Jobs for Progress, Inc.*, 19 F.3d 755, 759-60 (1st Cir.1994).

A motion for judgment as a matter of law may only be granted if "the evidence together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party [is] entitled to judgment." *PH Group Ltd. v. Birch*, 985 F.2d 649, 653 (1st Cir.1993). In evaluating the evidence, however, the Court "may not assess the credibility of witnesses, evaluate the weight of the evidence or resolve conflicts in testimony, but must view all facts and reasonable inferences therefrom in the light most favorable to the non-movant." *Davet v. Maccarone,* 973 F.2d 22, 28 (1st Cir.1992).

Similarly, "[w]hen considering a Rule 59(a) motion 'a district court may set aside a jury's verdict and order a new trial only if the verdict is against the demonstrable weight of the credible evidence or results in a blatant miscarriage of justice.'" *Acevedo-Garcia v. Monroig*, 351 F.3d at 565 (quoting *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 717 (1st Cir.1994)).

Applying these principles to the instant case requires that Defendant's motion be denied.

## BACKGROUND

The facts, as presented at trial and viewed in the light most favorable to the jury verdict are as follows: On September 27, 2002, LRV Environmental Service, Inc. (hereinafter "LRV") executed with the United States Army Corps of Engineers (hereinafter "USCOE") contract number DACW17-02-C-0028, for environmental improvements at the Esperanza Peninsula located in Cataño, Puerto Rico. United Surety and Indemnity Company (USIC), is a company registered in Puerto Rico which, among other things, issues payment and performance bonds

3

for construction projects. In October of 2002, USIC executed a performance and payment bond numbered 0284112 for the penal sum of $1,592,020.00 to guarantee LRV's execution of the above-mentioned construction contract and the payment of labor and materials associated with the project.

Andrews Marine is a marine construction business located in Cataño, Puerto Rico that is owned and operated by Milton Andrews. On October 3, 2002, LRV executed with Andrews Marine a subcontract agreement, with various attachments, for the performance of dredging and excavation work at the Esperanza Peninsula project. The subcontract agreement provided that Andrews Marine was to dredge three different areas of the Esperanza Peninsula.[3] Specifically, Andrews Marine was to dredge 51,000 cubic yards of material at a rate of $7.50 per cubic yard, for a total payment by LRV in the amount of $382,500.00.

Andrews Marine claims that it fully complied with the subcontract and dredged or removed over 51,000 cubic yards of material, and thus, is entitled to the full payment of $382,500.00. USIC, on the other hand, claims that Andrews Marine did not finish dredging in area three of the project (also referred to as the peak of the Esperanza Peninsula). USIC maintains that Andrews Marine only removed a total of 32,827.46 cubic yards of material from the project. Prior to commencement of the present action, Andrews Marine was paid $156,907.50 for its dredging.  After answering the amended complaint, USIC acknowledged that it owed Plaintiff $71,326.45, and deposited that amount with the Court. At trial, Andrews Marine sought payment in the amount of $154,266.05 (the remaining difference between the contract price and the sum already paid and deposited with the Court.)

Annex C of the subcontract agreement between LRV and Andrews Marine provides, *inter alia*, that Andrews Marine will "perform survey before, during, and after for proper

---

[3] The subcontract agreement also contained provisions as to clearing and grubbing (removing brush and trees from the ground and cleaning an area) which need not be reiterated here as these provisions are not in controversy nor implicated in Defendant's post-trial motion.

4

invoicing."[4] The president and chief executive officer of Andrews Marine, Milton Andrews, understood this provision to mean that on a daily basis, during the pendency of the project, he had to measure the amount of material removed by dredging. Andrews Marine calculated the amount of material dredged by measuring the depth of the bottom of the sea before dredging and again after reaching a stipulated measurement, by conducting soundings, and by measuring truck loads of material removed from the site. This data was then provided to LRV's project engineer Ramon Rosa-Avila.

After the project had concluded and Andrews Marine had claimed payment, LRV notified Andrews Marine that it found Andrews Marine's surveys to be insufficient. LRV subsequently conducted its own surveying of the dredging and excavation through engineer Pedro Davila-Colón at a cost of $17,972.00. LRV then deducted this amount from its payment to Andrews Marine. At trial, USIC presented a recoupment defense, arguing that as a result of Andrews Marine's alleged failure to perform surveying for invoicing in conformance with the subcontract agreement, it was entitled to recoup the cost of Pedro Davila Colón's survey. In opposition, Andrews Marine asserted that it had fully complied with the surveying provision contained in Annex C of the subcontract.

The matter was tried before a jury, and on August 25, 2005, the jury returned a verdict in favor of Plaintiff Andrews Marine Service, finding that Defendant USIC owed Plaintiff the remaining amount of $154,266.05.[5] The jury also rejected USIC's recoupment defense. USIC now moves for renewed judgment as a matter of law or, alternatively, for a new trial or remittitur on the grounds that the verdict was contrary to the clear weight of the evidence. *See* Fed.R.Civ.P. 50(b)(1)(c) & 59(a).

---

[4] Joint Ex. II.

[5] This amount was in addition to the $71,326.45 that had previously been stipulated by the parties and deposited with the Court. *See* Dkt. No. 82 (Jury Verdict).

5

## DISCUSSION

The Miller Act requires a general contractor performing a contract valued at over $100,000.00 on any federal public construction or work project to obtain a payment and performance bond for the protection of persons supplying labor and materials in carrying out work on the project. 40 U.S.C. § 3131(b); *Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 257 (1999). Persons or entities who have furnished labor or material to a public construction project may sue to recover from the payment bond any amount owed to them. 40 U.S.C. § 3131(b)(1).

"The purpose of the Miller Act is 'to protect persons supplying labor and material for the construction of federal buildings in lieu of the protections they might receive under state statutes with respect to the construction of non-federal buildings.'" *GE Supply v. C&G Enterprises, Inc.*, 212 F.3d 14, 17 (1st Cir.2000) (quoting *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216 (1957)) (citing *F.D. Rich Co. v. United States ex. rel. Indus. Lumber Co.,* 417 U.S. 116, 122 (1974)). "The Act is 'highly remedial' and entitled to a 'liberal construction.'" *Id.* (citing *J.W. Bateson Co., Inc. v. United States ex rel. Bd. of Trustees of Nat'l Automatic Sprinkler Industry Pension Fund*, 434 U.S. 586, 594 (1978)).

## I.

The Court first turns to USIC's argument that it is entitled to judgment as a matter of law as to Plaintiff's Miller Act claim. Specifically, USIC argues that the evidence at trial was not sufficient to support the jury's finding that Andrews Marine had dredged or otherwise excavated at least 51,000 cubic yards of material from the Esperanza Peninsula. The Court rejects this argument. This case presents a typical situation of contradictory evidence. Defendant's witness Luis Rosada-Viana, president of LRV and an engineer, testified that according to the survey it consigned from Pedro Davila Colón,  the total amount of material removed from the project was 42,842.50 cubic yards. Rosada-Viana further testified that of this amount only 32,827.46 cubic yards was attributable to the work of Andrews Marine because a subcontractor, Manuel Osorio, had excavated the difference.

6

Conversely, Plaintiff submitted testimony of Milton Andrews, president of Andrews Marine, stating that his company removed 51,000-52,000 cubic yards of material and that this figure was calculated through daily measuring of truck loads of material removed, measuring the depth of the bottom of the sea before dredging and after reaching a stipulated measurement, and by soundings. Plaintiff also submitted testimony by a rebuttal witness, Ramon Rosa-Avila, an engineer who had served as the quality control manager for LRV during the Esperanza Peninsula project. Rosa-Avila testified that he made calculations through surveys and measurements for every day of operation concerning dredging materials and that Andrews Marine had dredged a total of 52,688 cubic yards of material.

A party is not entitled to judgment as a matter of law simply because contradictory evidence was presented at trial. Rather, a court may grant judgment as a matter of law "'only if the facts and inferences point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have reached a verdict against that party.'" *Santos v. Sunrise Med., Inc.*, 351 F.3d 587, 590 (1st Cir.2003) (quoting *Star Fin. Servs., Inc. v. AASTAR Mortgage Corp.*, 89 F.3d 5, 8 (1st Cir.1996)). The Court finds that there was a legally sufficient evidentiary basis for a reasonable jury to conclude that Andrews Marine removed at least 51,000 cubic yards of material from the Esperanza Peninsula project. Accordingly, the Court is unable to conclude that the *only* reasonable result permitted by the evidence would be a verdict for USIC on the Miller Act claim. *See PH Group Ltd.*, 985 F.2d at 653.

## II.

USIC also argues that irrespective of the jury's verdict in favor of Plaintiff on the substantive Miller Act claim, as a matter of law USIC is entitled to recoupment for the $17,972.00 it expended to conduct surveys of the amount of material dredged or excavated from the project.

Under the doctrine of recoupment, in determining the amount justly due to a person who supplies materials or labor to a construction project, the general contractor or the surety may reduce the amount of a subcontractor's claim to compensate the expenses it incurred as a result of work which the subcontractor did not perform in conformity with the provisions

7

of the subcontract. *See generally, Bolduc v. Beal Bank, SBB,* 167 F.3d 667, 672 (1st Cir.1999); *United Structures of Am., Inc. v. G.R.G. Engineering, S.E.*, 9 F.3d 996, 998-1000 (1st Cir.1993). Thus, to prevail on the defense of recoupment for the survey report, USIC needed to prove by a preponderance of the evidence (1) that under the subcontract agreement Andrews Marine had a duty to execute land surveys performed by a certified surveyor; (2) that Andrews Marine Service, Inc. failed to perform this duty; and (3) that LRV incurred expense as a result of this breach.

USIC argues that it is clear from the evidence that it is entitled to recoup from Andrews the amount it had to expend for the dredging surveys conducted by Pedro Davila Colón because Andrews Marine was required to perform these surveys under Annex C of the subcontract but refused to do so. The Court is unpersuaded by this argument. The relevant provision of the subcontract agreement provides simply that Andrews Marine will "perform survey before, during, and after for proper invoicing." The subcontract did not specify the manner in which the requisite surveying was to be conducted, and there was no evidence presented at trial that Andrews Marine's surveying methods did not comply with industry custom. Further, during the pendency of the project, LRV never complained to Andrews Marine that its surveying methods were not adequate. It was not until after the project had concluded and Andrews Marine had claimed payment, that LRV first notified Andrews Marine that it found Andrews Marine's surveys to be insufficient and decided to conduct its own surveying.

Reviewing the record with an eye weighted toward preservation of the jury verdict, the Court cannot conclude that Annex C of the subcontract agreement required that Andrews Marine conduct land surveys performed by certified surveyors or that Andrews Marine's surveying or measurement by other traditional methods constituted a breach of the subcontract. Accordingly, the Court finds that the jury's determination that USIC had failed to establish a recoupment defense was reasonable and supported by sufficient evidence.

8

## CONCLUSION

For the aforementioned reasons, Defendant USIC's renewed motion for judgment as a matter of law or, alternatively, for a new trial or remittitur is **denied**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, June 20, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge